# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NULU KIGGUNDU,

        Plaintiff,

v.                                                                      CIV 98-1437 JP/KBM – ACE

BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant's Motion for Sanctions and to Dismiss *(Doc. 45 )*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. After hearing argument telephonically by counsel on November 8, 1999, an evidentiary hearing was held November 16, 1999 for the specific purpose of hearing the testimony of Plaintiff. Having given the matter due consideration, I recommend that the motion be granted and that this case be dismissed with prejudice.

*Proposed Findings*

Plaintiff filed this removed employment discrimination action in July 1998. On January 25, 1999, her Initial Disclosures were due but not provided to Defendant. Plaintiff's attorney, E. Justin Pennington, filed a motion to withdraw on March 1, 1999 explaining that despite repeated attempts, he had been unable to contact his client since the filing of the complaint. Magistrate Judge Lorenzo F. Garcia permitted him to withdraw on March 4, 1999.

Defendant then addressed all discovery requests directly to Plaintiff by certified mail. The

certified receipt indicated that a person with the last name of Kiggundu but a different first name than Plaintiff signed for the letter.  On March 24, 1999, Defendant filed a motion to dismiss for lack of prosecution based upon Plaintiff's failure to respond to discovery requests.

Plaintiff testified that until April 12, 1999, she was unaware that her counsel had withdrawn and that a dismissal motion was pending.  That day she wrote to Judge Garcia asking for an extension on the motion to dismiss so that she could meet with Mr. Pennington.  In her letter to Judge Garcia, Ms. Kiggundu explained that her sister had recently died, and that she had taken her body back to their native homeland of Uganda.  She further stated:

> my attorney and I were missing each other due to a lack of communication as I was out of the country.  My attorney sent me another letter that was a motion to dismiss in my absence.  After returning home, I had no idea that the claim and request leave of the Court to withdraw as my counsel until I received a wake-up call from Jennifer Jung, Paralegal to Elizabeth German (Brown & German) on April 12, stating that I had no lawyer representing me at this time.

*Plaintiff's Exh. 1*.  Judge Garcia granted Plaintiff's requested extension to permit her to meet with her former attorney and to file a response to the pending motion to dismiss.  *Doc. 21*.

In Plaintiff's May 11, 1999 response brief, Mr. Pennington further elaborated on the circumstances underlying Ms. Kiggundu's failure to meet her discovery obligations.

> *[T]he death of her sister, had caused Plaintiff to leave the United States for her native homeland of Uganda for several weeks between mid-January and mid-March, 1999.  As a consequence, Plaintiff did not receive counsel's various requests for information and cooperation . . . .  Counsel is satisfied that Plaintiff was in fact out of the country during the time period in question*, and preoccupied with family matters.  Counsel is therefore satisfied that Plaintiff did not intentionally or willfully fail to communicate, and has therefore decided to reenter his appearance on behalf of Plaintiff.

*Doc. 25 at ¶¶ 2 & 3* (emphasis added).  Based upon this response, Defendant agreed to withdraw its motion and proceed with new discovery deadlines.

2

At her deposition on October 21, 1999, however, Defendant presented Plaintiff with evidence that she had actually been gainfully employed by UNM Temporary Services from January 14, 1999 through May 12, 1999. Ms. Kiggundu then admitted that she had been out of the United States only from mid-December 1998 to mid-January 1999. Defendant's counsel represents that Mr. Pennington "clearly appeared surprised by this revelation." *Def. Brief in Support at 3*.

Yet these were not the only "revelations" at Plaintiff's deposition. Defendant relies upon the following as other failures to comply with discovery obligations:

- In her answers to interrogatories, Plaintiff failed to disclose at least three previous jobs. She arguably testified that she was fired from one of these positions for reasons similar to Defendant's asserted business justification for its termination of Plaintiff.

- Plaintiff identified only her divorce in response to an interrogatory asking her to identify "any and all administrative claims or other lawsuits" she had filed. At her deposition, Ms. Kiggundu admitted that she had filed an EEOC discrimination charge against the Archdiocese when it terminated her employment for having taken cash from donated funds and substituting her personal check.

- In response to an interrogatory asking for names of all health providers, including counselors, for the past ten years, Plaintiff listed someone she now admits she never saw and failed to list a counselor who did provide her with therapy. Ms. Kiggundu testified that she failed to list Dr. Zigifredo because she could not recall his name.

- Although Ms. Kiggundu has represented that she has Master's Degree, no such degree has been actually awarded.

In light of Mr. Pennington's contention during our telephone conference that the alleged discovery abuses were based upon Plaintiff's difficulties with the English language, I decided that I could not assess the willfulness of the above omissions and misrepresentations without taking testimony. Having heard her testify, I find Ms. Kiggundu to be deliberately evasive and unwilling to fully disclose information she feels would hurt her position in this litigation.

I further conclude that Plaintiff's justifications for failing to comply with her discovery obligations are not credible. At times she testified that communications from the attorneys were never received. At other times, she stated that the letters were returned because she was out of the country. At yet other times, Plaintiff contended that her daughter failed to deliver the correspondence to her. As to whether she was aware of Mr. Pennington's misrepresentation to Magistrate Judge Garcia of the dates Plaintiff was out of the country, Ms. Kiggundu again gave contradictory testimony. In her forty-five minutes of testimony, Ms. Kiggundu first testified that she read her response to the motion to dismiss and although aware of the error, took no action to correct the court record because, "It was up to my lawyer to take care of it." *Transcript at 5*. Later she testified that she "didn't catch" the error. *Transcript at 29*.

Plaintiff contends that such inconsistencies in her testimony and in her responses to discovery requests are inadvertent and simply miscommunications due to her difficulty with the English language. Having observed her testify, however, I found that although she has a distinct Ugandan accent, Ms. Kiggundu's proficiency in the English language is very good. Indeed, her elementary through high school education was taught in English and she has resided in the United States since 1977. Moreover, Ms. Kiggundu completed the coursework in English at University of New Mexico towards her Bachelor's and Master's Degrees. In short, I am unpersuaded that the Plaintiff's omissions and contradictory responses are the product of difficulty with the language, genuine misunderstandings or inadvertent lapses in memory.

### *Recommended Disposition*

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal*

*Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution or as a sanction for a plaintiff's failure to comply with the rules and orders of the Court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "Unless the court . . . otherwise specifies, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Certain factors must be considered before dismissing a complaint with prejudice, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921-22 (10th Cir.1992)). The court must evaluate these factors on the record so that the appellate court can assure itself that resort to the drastic remedy of dismissal was appropriate and taken only after considered reflection. *Id.*, 40 F.3d at 340.

*(1) The degree of actual prejudice to the defendant*

As well as the delays outlined above, Defendant has shown actual prejudice caused by Plaintiff's conduct during discovery. Because of her material omissions and misrepresentations, Plaintiff has imposed significant burdens in both time and money on Defendant in investigating and uncovering information which Ms. Kiggundu should have produced during discovery. Most importantly, in withdrawing its motion to dismiss, Defendant reasonably relied upon Plaintiff's misrepresentation of her whereabouts during the initial phases of discovery.

Counsel for Defendant, in the spirit of cooperation and legal professionalism sought to be fostered by the rules of discovery, voluntarily relinquished the opportunity to have this action

dismissed much earlier. As a result, Defendant has incurred expenses of approximately $50,000 in defending this action, most of which could have been avoided if Judge Garcia had been accurately informed and had dismissed the suit for Plaintiff's willful failure to prosecute this action.

*(2) The amount of interference with the judicial process*

Not only has Plaintiff's conduct delayed the discovery process, it has interfered with her attorney's duty to provide the Court with full and truthful information which is so integral to the decision-making process. By her failure to be forthright with her attorney and opposing counsel, Plaintiff's actions have compromised the integrity of the discovery process and interjected an inappropriate "hide the ball" component which cannot be condoned.

*(3) The culpability of the litigant*

As discussed above, Plaintiff's omissions and misrepresentations are neither inadvertent nor negligent. Rather, they have been deliberate in an effort to gain an advantage in the litigation. Although it was Mr. Pennington who incorrectly stated the dates of Ms. Kiggundu's absence from the United States, he was merely the messenger repeating erroneous information relayed by his client of a type that counsel would not be expected to independently verify.

*(4) Advance warning of dismissal*

Magistrate Judge Garcia earlier contemplated dismissal of this action for failure of Plaintiff to meet her discovery responsibilities. In his Order of May 18, 1999 permitting Defendant to withdraw its dismissal motion, Plaintiff was specifically advised by Judge Garcia that

> Defendant agreed to withdraw its motion conditioned on Kiggundu fully complying with Rule 26 disclosure obligations within ten days and _fully complying with all future discovery obligations_.

(emphasis added). Having stood at dismissal's door once before, Plaintiff cannot now complain

6

that she was not previously warned that dismissal is a likely sanction for discovery abuses.

*(5) The efficacy of lesser sanctions.*

During oral argument, I asked Plaintiff's counsel to suggest lesser sanctions than dismissal that are available. I find that neither of the suggested alternatives - a reprimand/ admonishment by the Court or money sanctions - will be effective to punish and to curb Plaintiff's abuses of discovery process. This is not a case of a single omission or an isolated misrepresentation. Rather, Plaintiff has demonstrated a pattern of providing incomplete, inaccurate and misleading information to which the Court and attorneys are entitled. Moreover, this pattern of deception continued even after the threat of dismissal had been averted. As such, I am unable to recommend that any sanction other than dismissal is appropriate.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Defendant's Motion for Sanctions and to Dismiss *(Doc. 45)* be GRANTED and that this action be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT, pursuant to their agreement at the evidentiary hearing, WITHIN 5 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the five-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

7